**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | | |
|---|---|---|
| JANNETTE HENRY-DAVENPORT, | ) | **C.A. NO. 0:08-3258-MJP** |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| THE SCHOOL DISTRICT OF | ) | |
| FAIRFIELD COUNTY, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

This matter is before the Court on Defendant's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This employment dispute arises out of Plaintiff's demotion from the administrative level of Deputy Superintendent to a Director level position and the corresponding salary reduction.  For the reasons set forth below, Defendant's Motion for Summary Judgment is granted.

**I. BACKGROUND**

Plaintiff is a certified educator employed as an administrator with the Defendant Fairfield County School District (hereafter "District").  All of Plaintiff's claims arise out of her demotion in 2008 from the position of Deputy Superintendent of Human Resources to Director of Food Services and corresponding salary reduction.

Dr. Samantha Ingram was hired as the Superintendent of the School District in July of 2007. The District's Board of Trustees expected Dr. Ingram to analyze and restructure the District's organization to improve efficiency and performance. On April 8, 2008, as part of a District-wide administrative reorganization, the Superintendent notified Plaintiff she would be issued an administrative contract and that her salary would be reduced to $75,000 for the 2008-2009 school

year.   Plaintiff received notice of her specific reassignment to the Director of Food Service position

no later than May 12, 2008.    The District paid Plaintiff her full salary as Deputy Superintendent

through the end of the 2007-2008 contract year.    It is undisputed the District provided Plaintiff a

job at the teacher level or higher at all times in question.  The District provided Plaintiff with a

timely administrative contract for the 2008-2009 school year.

Plaintiff's Complaint asserts four causes of action against the School District: violation of

the Teacher Act; violation of procedural due process; violation of the covenant of good faith and

fair dealing; and, a request for temporary relief.[1]  Plaintiff previously abandoned her covenant of

good faith claim and the Court previously dismissed Plaintiff's claim for temporary relief.[2]

Plaintiff contends her demotion and salary reduction constituted a discharge under the

Teacher Employment and Dismissal Act (hereafter "Teacher Act"), S.C. Code § 59-25-410, et.

seq., thereby affording her a hearing to contest the decision.  Plaintiff also contends the District's

failure to provide her a dismissal hearing violated her due process rights.

Plaintiff relies on the Teacher Act as the underpinning for her claim of a continuing right

to be paid at the level of a Deputy Superintendent.[3]  The parties filed cross motions for summary

---

[1] See, Plaintiff's Complaint. Plaintiff's Third Claim for Relief, a substantive due process claim
was brought against only individual defendant, Samantha J. Ingram.  The substantive due process
claim was dismissed along with the claims against the individual Defendants originally named in
the Complaint, based on qualified immunity.  See Order dated March 27, 2009, granting in part
Defendants' Motion to Dismiss.
[2] See, Order dated March 23, 2009.
[3] See, Plaintiff's Memorandum in Opposition, p. 5, filed on December 8, 2009.  See also,
Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment, p. 7, filed on
November 20, 2009.

judgment on November 20, 2009, both stating there was no genuine issue of fact for trial.[4]

Plaintiff's summary judgment motion cited to the South Carolina Supreme Court's opinion in *Johnson v. Spartanburg County Sch. Dist. No. 7*, 314 S.C. 340, 444 S.E.2d 501 (1994), for support that the District's failure to provide her a hearing to contest her administrative demotion and salary reduction violated her statutory and due process rights.[5]

Defendant based its motion for summary judgment on the grounds that state law provided Plaintiff no rights to her administrative position or salary, and therefore, Plaintiff could not prove a violation of the Teacher Act or the Due Process clause.[6]  Defendant argued that S.C. Code § 59-24-15 expressly states that Teacher Act rights are not granted for the position or salary of an administrator and thereby overruled the *Johnson* decision Plaintiff relies upon.

On January 22, 2010, this Court denied both parties' motions "pending a resolution of the certified question."[7]  This Court went on to issue an Order of Certification to the South Carolina Supreme Court.  This Court asked the South Carolina Supreme Court to clarify the impact of S.C. Code § 59-24-15 on Plaintiff's claims.  On January 18, 2011, the South Carolina Supreme

_____

[4] See, Plaintiff's Memorandum in Support of Plaintiff's Partial Motion for Summary Judgment, p. 4, 7 (Plaintiff's Memorandum stated "There is no genuine issue of fact existing to dispute that Plaintiff was wrongfully terminated in violation of Johnson v. Spartanburg County School Dist. No. 7 and controlling statutes" and also stated "The procedural due process issue: no genuine issue of material fact exists."), filed on November 20, 2009.  See, Defendant's Memorandum in Support of Summary Judgment, p. 8, filed on November 20, 2009.
[5] See Plaintiff's Memorandum in Support of Plaintiff's Partial Motion for Summary Judgment, filed on November 20, 2009.
[6] Defendant's Memorandum in Support of Summary Judgment, filed on November 20, 2009.
[7] See Order of Certification, p. 2.

3

Court issued a unanimous opinion answering the certified question.[8]  The South Carolina Supreme Court overruled *Johnson*.  The South Carolina Supreme Court held "the legislature enacted section 59-24-15 after the *Johnson* decision, and the plain language of the statute directly contradicts the holding in *Johnson*.  The statute plainly states that an administrator has no rights in her 'position or salary,' and the legislature made no exception or distinction concerning the administrator's status as a certified educator."[9]

Defendant renewed its Motion for Summary Judgment after the South Carolina Supreme Court issued its opinion, arguing that the South Carolina Supreme Court's opinion is outcome determinative as to both the Teacher Act claim and the 42 U.S.C. 1983 due process claim.

In response, Plaintiff argued that applying S.C. Code 59-24-15 to defeat her Teacher Act claim would be a retroactive application of the statute.  Plaintiff also argued that the South Carolina Supreme Court's answer to the certified question could not be applied "retroactively" to her claims.  Plaintiff further argued that she retained rights as a certified administrator under Article 3 of Chapter 19 and Article 5 of Chapter 25, and that these rights were not affected by the South Carolina Supreme Court's opinion.  Alternatively, Plaintiff contended that Defendant violated the Teacher Act by failing to timely notify her of her administrative assignment in accordance with S.C. Code 59-25-410.  Additionally, Plaintiff filed an affidavit stating she always believed the District could not demote her or cut her salary without affording her hearing before the District's Board of Trustees.  Plaintiff's affidavit went on to state that she based this

---

[8] Supreme Court Opinion, dated January 17, 2011. The Supreme Court answered "no" to the following question: "Does South Carolina law, pursuant to S.C. Code Ann. § 59-24-15 (1998), afford a certified educator employed as an administrator rights as available under the Teacher Employment and Dismissal Act when she is denied a hearing to contest her administrative demotion and salary reduction."

[9] Supreme Court Opinion, p. 4, dated January 17, 2011 (emphasis added).

belief the District's Policy CFC which states that "the board will review administrative transfers involving a loss of rank and/or income in a grievance hearing upon a specific request of the affected administrator."  Plaintiff asserted that Policy CFC constituted a separate basis for her alleged property interest in her position and salary as Deputy Superintendent.

This Court heard oral arguments on May 3, 2011.  For the reasons set forth below, Defendant's Motion for Summary Judgment is granted.

## II. STANDARD OF REVIEW

A motion for summary judgment is granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[10]  "When a motion for summary judgment is made and supported as provided in Rule 56, the nonmoving party must produce 'specific facts showing that there is a genuine issue for trial,' rather than resting upon the bald assertions of his pleadings."[11]  "Genuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice.  A trial, after all, is not an entitlement.  It exists to resolve what reasonable minds would recognize as real factual disputes."[12]  The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'"[13]  "Summary judgment is not 'a disfavored procedural shortcut,' but an important mechanism for weeding out 'claims and defenses that

---

[10] Fed.R.Civ.P.56(c).

[11] *Ross v. Communications Satellite Corporation*, 759 F.2d 355, 364 (4th Cir. 1985), *reversed on other grounds*, 490 U.S. 228, 109 S. Ct. 1775 (1989)(quoting Fed.R.Civ.P.56(d); citing *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289, 88 S. Ct. 1575, 1592 (1968)).

[12] *Id.* (citing *Cole v. Cole*, 633 F.2d 1083, 1089 (4th Cir. 1980); *Atlantic States Construction Co. v. Robert E. Lee & Co.*, 406 F.2d 829 (4th Cir. 1969)).

[13] *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990).

have no factual bases.'"[14]

### III. DISCUSSION

### A. Teacher Employment and Dismissal Act

The South Carolina Teacher Employment and Dismissal Act, S.C. Code Ann. §§ 59-25-410 to 530 ("Teacher Act") provides procedures for dismissal, suspension, and notice of reemployment for certified educators.[15]   The Teacher Act defines "teacher" as "all employees possessing a professional certificate issued by the state department of education, except those employees working pursuant to multi-year contracts."[16]   The Teacher Act provides certified educators the right to notice of reemployment by April 15 each school year and the right to a hearing prior to dismissal or nonrenewal.[17]   The Teacher Act contains no language expressly providing a right to a hearing to contest a transfer or reassignment.

In 1984 the South Carolina Supreme Court considered whether a demotion from an administrative position could constitute a "discharge" triggering the protections of the Teacher

---

[14] *Watkins v. Disabilities Board of Charleston County*, 444 F. Supp. 2d 510, 516 (D. S.C. 2006) (quoting, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

[15]  See, S.C. Code § 59-25-410 (notice of employment), § 59-25-415 (reemployment priority), §59-25-420 (hearing if not reemployed), § 59-25-430 (grounds for dismissal, and notice and opportunity for hearing prior to dismissal), § 59-25-440 (written notice of potential dismissal), § 59-25-450 (suspension), §59-25-460 (contents of dismissal notice and conduct of hearing), § 59-25-470 (procedures for hearing request), § 59-25-480 (right to appeal hearing), §59-25-490 (right to depositions), §59-25-500 (subpoenas), § 59-25-510 (hearing notices), § 59-25-520 (common pleas court has power to enforce), § 59-25-530 (noncompliance by teacher with employment contract constitutes unprofessional conduct).

[16]  S.C. Code § 59-25-410. ("For purposes of this article, "teacher" means all employees possessing a professional certificate issued by the state department of education, except those employees working pursuant to multi-year contracts").   *See also*, S.C. Code § 59-1-130 ("defining "teacher" as "any person who is employed either full-time or part-time by any school district either to teach or to supervise teaching").

[17] S.C Code §§ 59-25-410, *et. seq*.

6

Act.[18]  In *Snipes v. McAndrew* two principals who were issued contracts as assistant principals for the new school year and thereby demoted argued they were entitled to contest the demotion under the Teacher Act.[19]  The *Snipes* court held the Act affords a hearing only when the teacher is dismissed or nonrenewed.   The Court found no distinction in the Act between educators employed as administrators and teachers: "[a] close reading of the Act reveals no distinction between administrative or supervisory personnel and teachers. 'Where a principal is protected by the tenure statute only from dismissal as a teacher, a principal may properly be demoted to the position of a teacher.'"[20]  The *Snipes* court reasoned that a transfer, reassignment, or demotion is not equivalent to dismissal or non renewal of a teacher's contract.[21]   The *Snipes* Court concluded that the school principals were not entitled to an adversarial hearing to contest their reassignment.

> The Act provides for a full, adversarial hearing when a teacher is dismissed or nonrenewed. *§§ 59-25-420*, *59-25-430*, *59-25-460* of the Code.  Nowhere does it provide for a full, adversarial hearing when a teacher is merely transferred, reassigned, or demoted. We are of the opinion that policy decisions concerning where an employee will best serve the school district are better left to school officials, not the courts.  Unless the legislature decides to require full, adversarial hearings for teachers upon their transfer, reassignment, or demotion to another certificated position, this Court will not require such a hearing.[22]

Ten years later in *Johnson v. Spartanburg City School District*, the South Carolina Supreme Court held that an assistant principal's demotion to a teaching position and the resulting reduction in his salary without providing him the Act's "procedural safeguards" required

---

[18] *Snipes v. McAndrew*, 280 S.C. 320, 313 S.E. 2d 294 (1984).
[19] *Snipes v. McAndrew*, 280 S.C. 320, 313 S.E. 2d 294 (1984).
[20] *Id* at 296, *quoting*, 78 C.J.S. *Schools and School Districts* § 205 (1952).
[21] *Id.*
[22] *Id.*

reinstatement of the plaintiff to his former position.[23]   The *Johnson* court distinguished *Snipes* on the basis that the plaintiff's wage in *Johnson* was reduced and no such reduction accompanied the *Snipes* reassignments.[24]

Plaintiff's Complaint relies on *Johnson v. Spartanburg County Sch. Dist. No. 7*, 314 S.C. 340, 444 S.E.2d 501 (1994), to support her contention that her administrative reassignment and salary reduction constituted a wrongful termination entitling her to rights under the Teacher Act.[25]

Defendant argues that the legislature overruled *Johnson* when it enacted S.C. Code § 59-24-15 and Plaintiff's Teacher Act and due process claims fail as a matter of law.  Four years after *Johnson*, the South Carolina Legislature enacted S.C. Code § 59-24-15 as part of the South Carolina Education Accountability Act of 1998.  The statute provides as follows:

---

[23] *Johnson v. Spartanburg County Sch. Dist. No. 7,* 314 S.C. 340, 444 S.E.2d 501 (1994).  *See also*, *Barr v. The Board of Trustees of Clarendon County School Dist*., 319 S.C. 522, 462 S.E.2d 316 (Ct. App. 1995) (interpreting *Johnson* and holding "[a]lthough the court never uses the language "constructive dismissal," in view of the several cases which expressly or implicitly hold the Act applies only to dismissals and nonrenewals, the court necessarily must have viewed *Johnson* as a constructive dismissal case.").
[24] *Id.* at 343.

### § 59-24-15.   Rights of certified education personnel employed as administrators.

Certified education personnel who are employed as administrators on an annual or multi-year contract will retain their rights as a teacher under the provisions of Article 3 of Chapter 19 and Article 5 of Chapter 25 of this title *but no such rights are granted to the position or salary of administrator*.  Any such administrator who presently is under a contract granting such rights shall retain that status until the expiration of that contract.[26]

On January 18, 2011, in response to this Court's Certified Question, the South Carolina Supreme Court issued a unanimous opinion holding Plaintiff has no rights under the Teacher Act to an administrative level position or salary.[27]  The Court held "the legislature enacted section 59-24-15 after the *Johnson* decision, and the plain language of the statute directly contradicts the holding in *Johnson*.  The statute plainly states that an administrator has no rights in her 'position or salary,' and the legislature made no exception or distinction concerning the administrator's

---

[25] Plaintiff's Complaint ¶ 26.  Plaintiff's Complaint also asserts that the Teacher Act required the District to provide her with notice of her specific administrative job assignment for the 2008-2009 school year on or before April 15, 2008. Plaintiff's Complaint ¶¶ 11-27. The only notice the Teacher Act requires by April 15 is whether the educator is offered employment for the following school year. The plain language of S.C. Code § 59-25-410 states that on or before the April 15th deadline, school districts are required to provide written notice of whether the certified educator will be reemployed for the following school year. The undisputed record shows the District provided Plaintiff the required notice, and therefore complied with the Teacher Act. On April 8, 2008 the District notified Plaintiff in writing she would be employed as an administrator for the 2008-2009 school year and that her salary would be reduced to $75,000. The Act contains no requirement that the educator be advised of their specific assignment by April 15. Indeed, the Act provides the District with flexibility in specific assignments and requires only that districts inform teachers of their "tentative assignment for the ensuing school year" by "August fifteenth." S.C. Code § 59-25-410.  It is undisputed that Plaintiff received notice of her reassignment to the Director of Food Service position well before the Act's August 15, 2008, deadline for notice of her tentative assignment.

[26] S.C. Code § 59-24-15.   The South Carolina Education Accountability Act of 1998 was signed by the Governor on June 10, 1998.  See, 1997 Bill Tracking SC S.B. 850.

[27] Supreme Court Opinion, dated January 17, 2011.

9

status as a certified educator."[28] The Court further stated: "We believe the 1998 enactment – specifically the provision "but no such rights are granted to the position or salary of administrator" – is clear and manifestly reflects legislative intent to expressly exclude such rights to an administrator."[29]

The South Carolina Supreme Court's response to this Court's certified question is outcome determinative of Plaintiff's Teacher Act claim.   Under § 59-24-15 Plaintiff has no Teacher Act rights to her administrative position or salary.

Plaintiff contends that applying S.C. Code § 59-24-15 to defeat her Teacher Act claim would be a retroactive application of the statute.  This Court disagrees.  S.C. Code § 59-24-15 became effective ten years before Plaintiff's demotion and pay cut and her resulting lawsuit. Under Fourth Circuit precedent retroactivity is an issue only when a statute is applied "to reach conduct and claims arising before the statute's enactment."[30] Moreover, the statute's language indicates it is to be applied prospectively.  Section 59-24-15 provides "[a]ny such administrator who presently is under a contract granting such rights shall retain that status until the expiration of that contract."[31]  If an administrator had rights under a contract to continue as an administrator when the statute was enacted, the statute states the administrator retained those rights until the contract expired.[32]  This is a clear statement of prospective application.

Plaintiff also argues that the South Carolina Supreme Court's answer to the certified question cannot be applied "retroactively" to her claims.  This Court disagrees.  The certified

---

[28] Supreme Court Opinion, p. 4, dated January 17, 2011 (emphasis added).
[29] See Supreme Court Order, p. 4.
[30] *Ward v. Dixie Nat'l Life Ins. Co*., 595 F.3d 164, 172 (4th Cir. 2010).
[31] S.C. Code § 59-24-15.   The South Carolina Education Accountability Act of 1998 was signed by the Governor on June 10, 1998.  See, 1997 Bill Tracking SC S.B. 850.

question this Court directed to the South Carolina Supreme Court specifically concerned Plaintiff's rights as an administrator under the Teacher Act, and the South Carolina Supreme Court's answer directly applies to Plaintiff. Furthermore, "[a]s a rule, judicial decisions apply retroactively."[33] There would be little reason to certify a question to the South Carolina Supreme Court to interpret a statute if the certifying Court could not utilize the answer.

Plaintiff contends she retains rights to her administrative position and salary under the statutory provisions in Article 3 of Chapter 19 and Article 5 of Chapter 25 even if she does not have rights under § 59-24-15. Plaintiff's contention fails. The South Carolina Supreme Court held Plaintiff has "no rights" to her administrative position or salary and recognized no exception as to any statutory provisions of Article 3 of Chapter 19 and Article 5 of Chapter 25.[34] Defendant is entitled to summary judgment on Plaintiff's Teacher Act claim.

**B.** **Procedural Due Process**

Plaintiff also asserts a 42 U.S.C. § 1983 procedural due process claim against the School District.[35] Plaintiff's Complaint alleges the District deprived her of procedural due process

---

[32] It is undisputed Defendant issued Plaintiff separate annual administrative contracts for each school year.

[33] *Solem v. Stumes*, 465 U.S. 638 (1984) (holding further "a legal system based on precedent has a built in presumption of retroactivity"). A few narrow exceptions exist when a judicial decision can only apply prospectively but those exceptions do not apply here where a certified question has been answered to clarify the applicable law. Plaintiff also argues that the South Carolina Supreme Court's answer to the certified question is wrong because Plaintiff's rights as an administrator "vested" when she was first promoted to an administrative position in 1985. Plaintiff cites no authority to support her "vesting" assertion, nor does she cite any authority to suggest that the legislature cannot change state law rights. Moreover, Plaintiff's argument directly contradicts the South Carolina Supreme Court opinion that she has "no rights" under the Teacher Act to her administrative position or salary.

[34] Supreme Court Opinion, p. 4, dated January 17, 2011 (holding "the statute plainly states that an administrator has no rights in her 'position or salary,' and the legislature made no exception or distinction concerning the administrator's status as a certified educator").

[35] Plaintiff's Complaint ¶¶ 28-41.

rights by "demoting Plaintiff, by reducing Plaintiff's salary, and by reassigning Plaintiff."[36]

To establish her due process claim, Plaintiff must show Defendant deprived her of a constitutionally protected property interest in her administrative level salary.[37]  Whether a plaintiff has a property interest in a specific administrative level salary is a question of state law.[38]  As the Supreme Court explained in *Board of Regents of State Colleges v. Roth*,

> Property interests, of course, are not created by the Constitution. Rather, they are created as their dimensions are defined by existing rules or understandings that stem from an independent source such as state law – rules or understandings that secure certain benefits and that support claims of entitlement to those benefits. [39]

The *Roth* court went on to explain that "[to] have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it."[40]  To have a constitutionally protected property interest, Plaintiff must show a "legitimate claim of entitlement" under South Carolina law to her specific salary level as Deputy Superintendent.[41]

Relying on *Johnson v. Spartanburg County School District*, Plaintiff argues the Teacher

---

[36] Plaintiff's Complaint, ¶ 31.
[37] *Board of Regents of State Colleges v. Roth*, 408 U.S. 564 (1972).
[38] *Id.*
[39] *Id.*
[40] *Id.,* 408 U.S. at 577. *Sabet v. Eastern Virginia Medical Authority*, 775 F.2d 1266, 1269 (4th Cir. 1985) (A unilateral expectation on the part of the would-be recipient cannot create an entitlement).
[41] *Board of Regents of State Colleges v. Roth*, 408 U.S. 564 (1972) (emphasis added) (holding that the plaintiff could not establish a property interest because the plaintiff failed to show a legitimate entitlement to the deprived position); *Sabet v. Eastern Virginia Medical Authority*, 775 F.2d 1266, 1269 (4th Cir. 1985) (A unilateral expectation on the part of the would-be recipient cannot create an entitlement); *Childers v. Independent School District of Bryan County*, 676 F.2d 1338 (10th Cir. 1982) (holding that the plaintiff's due process claim failed because "neither [the plaintiff's] re-assignment nor the resulting loss of salary and benefits deprived him of a protected property interest")

Act creates a property interest in her Deputy Superintendent salary. Answering this Court's Certified Question, the South Carolina Supreme Court held that S.C. Code § 59-24-15 overruled *Johnson*.[42] The South Carolina Supreme Court held S.C. Code § 59-24-15 "plainly states that an administrator has no rights in her 'position or salary,' and the legislature made no exception or distinction concerning the administrator's status as a certified educator."[43] Plaintiff therefore cannot show that she was deprived of a constitutionally protected property interest.

Plaintiff asserts that a District policy regarding procedures for the transfer of "building administrators" saves her due process claim. Plaintiff specifically contends that Policy CFC Assignment and Transfer of Building Administrators (hereinafter "the CFC Policy") provided her with a right to a hearing to contest her reassignment from Deputy Superintendent to Director of Food Services.[44] Plaintiff argues the hearing under Policy CFC in turn gave her a property right to her Deputy Superintendent position and salary.

This Court disagrees. The Fourth Circuit has long held that violations of procedural policies do not create a constitutionally protected property interest.[45] "[P]rocedural rights in

---

[42] Supreme Court Opinion, p. 4, dated January 17, 2011.

[43] Supreme Court Opinion, p. 4, dated January 17, 2011.

[44] In response to Defendant's summary judgment motion, Plaintiff submitted an affidavit stating "it was her belief and experience that Policy CFC applied to all certified administrators." This Court questions whether Policy CFC applies to Plaintiff. Policy CFC states that it applies to school building administrators, which are those administrators that work in a particular school, such as school principals. Plaintiff was not a building administrator and did not work in a school. Rather, Plaintiff held the position of Deputy Superintendent of Human Resources at the time in question. Even assuming Policy CFC does apply to Plaintiff, however, her claim would still fail because "procedural rights in themselves do not create substantive property rights protected by the Fourteenth Amendment." *Jackson v. Long*, 102 F.3d 722, 729-30 (4th Cir. 1996).

[45] *Jackson v. Long*, 102 F.3d 722, 729-30 (4th Cir. 1996) (holding that a sheriff's department policy providing an appeal and hearing before disciplinary action did not itself create a property interest because the plaintiffs "have no property right in continued employment, nor are they given substantive rights by the procedural protections afforded.").

themselves do not create substantive property rights protected by the Fourteenth Amendment."[46]

Indeed, where an employee has no enforceable expectation in the deprived position or salary, grievance rights under employer polices cannot create a property interest.[47]  In *Kilcoyne v. Morgan*, a non-tenured professor at East Carolina University brought suit after he was denied tenure and his contract was not renewed.[48] The plaintiff argued that the university's failure to follow its own policies pertaining to tenure decisions constituted an actionable denial of due process.  The Fourth Circuit rejected this argument, holding that because the plaintiff "lacked a right to further employment at ECU, his denial of tenure and further employment without any procedural safeguards would have been permissible under the Fourteenth Amendment."[49] The Fourth Circuit further held that the university's alleged failure to provide procedural safeguards required by its policy did not change the analysis for due process purposes, reasoning that "every disagreement between a public employee with his employer over . . . the terms of his contract does not reach constitutional proportions."[50]  The *Kilcoyne* court explained that where an employer "gratuitously afford[s] [employees] procedural safeguards not constitutionally mandated, deviations from those procedures would not support a claim under the Fourteenth

---

[46] *Jackson v. Long*, 102 F.3d 722, 729-30 (4th Cir. 1996).

[47] *Moseley v. King*, 2006 U.S. Dist. LEXIS 74168, at * 23 (D. S.C. 2006) ("Allegations that Defendants have not followed their own policies or procedures, standing alone, do not amount to constitutional violations"); *Williams v. Strickland*, 1993 U.S. Dist. LEXIS 21439 (D.S.C. 1993)("The fact that [the plaintiff] had grievance rights under county ordinance does not alter the conclusion that she had no property interest").

[48] *Kilcoyne v. Morgan*, 664 F.2d 940 (4th Cir. 1981).

[49] *Id.* at 942.

[50] *Id.*

Amendment."[51]

The same reasoning applies here.  Plaintiff has no legal entitlement to the administrative position or salary of Deputy Superintendent under South Carolina law.  The fact the School District reduced Plaintiff's administrative salary without affording her a hearing did not violate the Fourteenth Amendment.  Any deviations from a gratuitously afforded hearing procedure under Board Policy CFC cannot create a property interest.[52]

## IV. CONCLUSION

For the foregoing reasons it is hereby **ORDERED** that Defendant's Motion for Summary Judgment be granted as to all of Plaintiff's claims.

---

[51] *Id.*; *See also*, *Jackson v. Long*, 102 F.3d 722, 729-30 (4th Cir. 1996); *Temple v. MUSC*, 2004 U.S. Dist. LEXIS 27831 (D.S.C. 2004)(holding that the policies in the employer's handbook did not create a property interest in the plaintiff's job); *Williams v. Strickland*, 1993 U.S. Dist. LEXIS 21439 (D.S.C. 1993)("The fact that [the plaintiff] had grievance rights under a county ordinance does not alter the conclusion that she had no property interest"). Moreover, Board Policy does not carry the force of law. *See Pittman v. Wilson County*, 839 F.2d 225, 227-29 (4th Cir. 1988) (holding that a county employment policy is not an ordinance because it was not passed with the requisite formality and intent necessary for an ordinance). *See also, Lehman v. Sturza*, 1994 U.S. App. LEXIS 17006, at *9 (4th Cir. 1994)(holding that reliance on procedural requirements alone is insufficient to establish a property interest and stating "'it is by now well established that in order to demonstrate a property interest worthy of protection under the Fourteenth Amendment's due process clause, a party may not simply rely upon the procedural guarantees of state law or local ordinance'").

[52] Plaintiff's contention that Policy CFC gave her a property interest in her administrative salary level fails on further ground that under South Carolina law, District Policies cannot be interpreted inconsistent with state law. S.C. Code § 59-19-110 provides School District policies must be consistent with South Carolina statutory law. Policy CFC therefore must be interpreted consistently with South Carolina Code § 59-24-15 and the South Carolina Supreme Court's recent decision that she has "no rights" under the Teacher Act to her administrative level position or salary.

**AND IT IS SO ORDERED**


s/MATTHEW J. PERRY, JR.
Senior United States District Judge

Columbia, South Carolina

June 2, 2011